UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

| | |
|---|---|
| LOUBERT DUMAS, | ) |
|     Plaintiff, | ) Case No. 9:22cv80334 |
| | ) **JURY TRIAL DEMANDED** |
| vs. | ) |
| MEDICREDIT, INC., | ) |
|     Defendant. | ) |

**DEFENDANT MEDICREDIT, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Medicredit, Inc. ("Medicredit" or the "Defendant") in response to the Complaint filed by Plaintiff on February 4, 2022 (the "Complaint"), denies any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 –1692p ("FDCPA"). In further response to the Complaint, Defendant states as follows:

**JURISDICTION AND VENUE**

1.  On information and belief that Plaintiff's Complaint alleges a violation of the FDCPA, subject matter jurisdiction is admitted with this Federal Court for allegations brought by Plaintiff.

2.  With regard to Paragraph 2, Medicredit admits that this Court has personal jurisdiction over Medicredit. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies the same.

3.  Medicredit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies the same.

4. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore, denies same.

## PARTIES

5. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6. Medicredit admits the allegations of Paragraph 6.

## DEMAND FOR JURY TRIAL

7. Medicredit admits that Plaintiff has demanded a jury trial on all accounts.

## FACTUAL ALLEGATIONS

8. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies same.

9. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies same.

10. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies same.

11. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies same.

12. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies same.

13. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies same.

14. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies same.

15. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies same.

16. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

17. Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies same.

18. Medicredit denies the allegations contained in Paragraph 18 of the Complaint.

19. Medicredit admits the allegations contained in Paragraph 19 of the Complaint.

20. Medicredit admits the allegations contained in Paragraph 20 of the Complaint.

21. Medicredit admits it is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22. Medicredit admits its "Consumer Collection Agency" license number is CCA0900581.

23. Medicredit admits it maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24. Medicredit admits the records specified by Rule 69V-180.080, Florida Administrative Code, of which Medicredit maintain, are current to within one week of the current date.

25. Paragraph 25 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26. Paragraph 26 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27. Paragraph 27 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28. Medicredit admits that it issued the statement attached as Exhibit A but denies all additional allegations and characterizations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 29 and, therefore, denies the same.

30. Paragraph 30 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the same.

31. Medicredit denies the allegations contained in Paragraph 31 of the Complaint.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

32. Medicredit incorporates by reference Paragraphs 1 through 31 of the Answer as though fully set forth herein.

33. Paragraph 33 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34. Paragraph 34 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the same.

35. Paragraph 35 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the same.

36. Paragraph 36 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the same.

37. Paragraph 37 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or

SL 5402031.1

information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies the same.

38.     Paragraph 38 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies the same.

39.     Paragraph 39 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the same.

40.     Paragraph 40 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, Medicredit is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies the same.

41.     Wherefore, having fully answered Plaintiff's allegations and specifically the allegations of Count I, Medicredit respectfully requests that this Court dismiss Count I, with prejudice, award its costs incurred herein, and grants such other relief as the Court deems just and proper.

SL 5402031.1

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

      A.      All allegations of the Complaint not specifically admitted by Medicredit are hereby denied.

      B.      As and for its affirmative defenses, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support. Specifically, there are no facts or evidence provided to support the allegation that the Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment. There are no allegation as to the Plaintiff's employer, the nature of the alleged injuries, or the relation of the alleged injuries to the alleged employment. As a result, Plaintiff's allegations fail as a matter of law.

      C.      Defendant states that any and all failures to comply with the requirements of the Fair Debt Collection Practices Act which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Defendant relied upon the information provided by the facility that indicated the debt was valid, and therefore, under the provisions of 15 U.S.C. § 1692k(c), Defendant is not liable to Plaintiff.

      D.      Defendant states that Plaintiff has not incurred any actual damages as a result of the alleged violations by Defendant of the Fair Debt Collection Practices Act. Because Plaintiff has not alleged actual damages, Plaintiff does not have standing to bring this case and is not entitled to recovery of any statutory damages.

      E.      Defendant states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

F.	Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. Defendant hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Medicredit, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

Dated: March 10, 2022						Respectfully submitted,

						/s/ Drew P. O'Malley
						Drew P. O'Malley
						Florida Bar No. 106551
						SPENCER FANE LLP
						201 North Franklin Street, Suite 2150
						Tampa, FL  33602
						Phone:  813-424-3500
						Facsimile:  813-405-8904
						domalley@spencerfane.com
						rhardy@spencerfane.com
						ecoutu@spencerfane.com
						*Counsel for Medicredit, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2022, I electronically filed the foregoing through the Court's CM/ECF system to:

Thomas J. Patti
Jibrael S. Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
tom@jibraellaw.com
jibrael@jibraellaw.com

*Counsel for Plaintiff*

						/s/ Drew P. O'Malley
						Attorney

SL 5402031.1